IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON L. MEYERS, | No. C 11-5327 TEH (PR) |
| Petitioner, | ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S RENEWED MOTION TO DISMISS; DENYING PETITIONER'S RENEWED MOTION TO STAY ACTION; AMENDED BRIEFING SCHEDULE |
| v. | |
| ANTHONY HEDGPETH, Warden, | |
| Respondent. | |
| | Dkt. Nos. 60 and 61 |

On November 2, 2011, Petitioner Leon L. Meyers, an inmate at Salinas Valley State Prison, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 27, 2012, Petitioner filed a "supplemental petition." On April 17, 2012, the Court issued an order to show cause. On May 1, 2012, Petitioner filed a motion to amend the petition. On June 5, 2012, Petitioner filed a third amendment to the petition. On June 28, 2012, the Court instructed Petitioner to file an amended petition encompassing all the claims he wished to present. On July 27, 2012, Petitioner filed an amended petition asserting 54 claims. On March 19, 2013, the Court issued an amended order to show cause.

Thereafter, Respondent filed a motion to dismiss the petition for failure to exhaust administrative remedies, and Petitioner filed a motion to stay and abey the petition so that he could return to state court to exhaust remedies. On September 6, 2013, the Court denied both motions without prejudice but directed Petitioner to establish the exhaustion status of all his claims. Specifically, the Court directed Petitioner to list his claims in a chart format, stating for each claim whether the claim had been exhausted. For each claim that Petitioner identified as exhausted, the Court directed Petitioner to indicate, on the chart, the document and case number in which Petitioner presented the claim to the California Supreme Court and to indicate how and when the California Supreme Court ruled on said claim. On September 25, 2013, Petitioner filed the chart as instructed. (See Dkt. 60 at 6-8.[1]) Therein, Petitioner concedes that 33 of his 54 claims remain unexhausted. Together with his chart, Petitioner filed a renewed motion to stay and abey his petition. Respondent has also filed a renewed motion to dismiss asserting that only nine of Petitioner's claims should go forward.

I

Respondent argues that all but nine of Petitioner's claims should be dismissed on the ground that they are unexhausted.

A

Prisoners in state custody who wish to challenge

---

[1] The page numbers used herein for this document refer to those affixed to the top of the page by the court's electronic filing program.

2

collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by providing the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b)-(c).  The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "an initial opportunity to pass upon and correct alleged violations of its prisoners federal rights."  Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation and citation omitted).  A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted.  Rhines v. Weber, 544 U.S. 269, 273 (2005).

The exhaustion requirement is satisfied only if a federal claim has been "fairly presented" to the state courts.  Picard, 404 U.S. at 275.  It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court.  See Picard, 404 U.S. at 277.  The state's highest court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution."  Duncan v. Henry, 513 U.S. 364, 365-66 (1995).  "In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis."  Fields v.

3

1  **Waddington**, 401 F.3d 1018, 1021 (9th Cir. 2005); see, e.g., Dye v.
2  Hofbauer, 546 U.S. 1, 3-4 (2005) (finding federal due process claim
3  based on prosecutorial misconduct fairly presented where text of
4  brief cited 5th and 14th Amendments and federal cases concerning
5  alleged violation of federal due process rights in context of
6  prosecutorial misconduct).
7       In order to appropriately exhaust his factual allegations
8  in state court, a petitioner must present a "thorough description of
9  the operative facts before the highest state court." Kelly v.
10 Small, 315 F.3d 1063, 1069 (9th Cir. 2002), overruled on other
11 grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).  New
12 factual allegations do not render a claim unexhausted, however,
13 unless they "fundamentally alter the legal claim already considered
14 by the state courts." Vasquez v. Hillery, 474 U.S. 254, 260 (1986);
15 Nickerson v. Roe, 260 F. Supp. 2d 875, 891 (N.D. Cal. 2003),
16 overruled on other grounds by Lee v. Lampert, 610 F.3d 1125 (9th
17 Cir. 2010).  Thus, in habeas proceedings, federal courts may not
18 entertain new evidence that was never presented to the state courts
19 and "'places the claim in a significantly different posture.'"
20 Nickerson, 260 F. Supp. 2d at 891 (quoting Nevius v. Sumner, 852
21 F.2d 463, 470 (9th Cir. 1988)).
22       Where a petition contains both exhausted and unexhausted
23 claims, it is referred to as a "mixed" petition.  See Rhines, 544
24 U.S. at 277.  A district court cannot adjudicate the merits of a
25 habeas petition containing any claim as to which state remedies have
26 not been exhausted, such as a mixed petition.  See Rose v. Harrison,

4

455 U.S. 509, 522 (1982). A district court may, however, stay mixed petitions to allow the petitioner to exhaust in state court. Rhines, 544 U.S. at 277-78. A stay under Rhines, "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. Any such stay must be limited in time to avoid indefinite delay. Id.

B

As noted above, Petitioner concedes that 33 of his 54 claims remain unexhausted. Accordingly, at a minimum, 33 claims are subject to dismissal unless Petitioner can show he is entitled to a stay.[2]

Of the 21 claims that Petitioner asserts to have exhausted, Respondent concedes that 9 are exhausted. Therefore, the exhaustion status of 12 claims remains in dispute. These 12 claims are:

(1) Claim A of the July 27, 2012 amended petition (Dkt. 26 at 9[3]); Claim 1 from Petitioner's chart (Dkt. 60 at 6): Trial court violated Petitioner's right to a speedy preliminary hearing under Cal. Penal Code § 859b.

---

[2] In his chart, Petitioner also references Claims 55, 56, and 57, which do not appear in his amended petition of July 27, 2012. (See Dkt. 26 at 8.) Petitioner designates these claims as "missing," and concedes they are unexhausted. Accordingly, the Court finds that Claims 55, 56, and 57 are also subject to dismissal.

[3] The page numbers used herein for this document refer to those affixed to the top of the page by the court's electronic filing program.

5

(2) Claim B of the July 27, 2012 amended petition (Dkt. 26 at 9); Claim 2 from Petitioner's chart (Dkt. 60 at 6): Trial court violated Petitioner's rights under Cal. Penal Code § 859b when it continued the preliminary hearing.

(3) Claim C of the July 27, 2012 amended petition (Dkt. 26 at 9); Claim 3 from Petitioner's chart (Dkt. 60 at 6): Trial court violated Petitioner's rights under Cal. Penal Code § 859b when it granted the prosecution's oral motion to continue the preliminary hearing.

(4) Claim E of the July 27, 2012 amended petition (Dkt. 26 at 9); Claim 4 from Petitioner's chart (Dkt. 60 at 6): Petitioner was denied the right to a fair trial "by the failure to preserve evidence on behalf of the people."

(5) Claim I of the July 27, 2012 amended petition (Dkt. 26 at 10); Claim 8 from Petitioner's chart (Dkt. 60 at 6): "[T]rial court violated petitioner's rights when it specifically held that an unruly and unlawful officer was in the performance of his duties."

(6) Claim D of the July 27, 2012 amended petition (Dkt. 26 at 9); Claim 10 from Petitioner's chart (Dkt. 60 at 6): The trial court "violated petitioner's right to a validly filed 995 PC motion to dismiss for the failure to go forward with a suppress motion."

(7) Claim K of the July 27, 2012 amended petition (Dkt. 26 at 10); Claim 10 from Petitioner's chart (Dkt. 60 at 6): "Petitioner was denied an opportunity to file a suppress motion through his attorney."

(8) Claim L of the July 27, 2012 amended petition (Dkt. 26 at

6

11); Claim 11 from Petitioner's chart (Dkt. 60 at 6): Petitioner "was discriminated against within the means of the ADA."

(9)  Claim F of the July 27, 2012 amended petition (Dkt. 26 at 11); Claim 17 from Petitioner's chart (Dkt. 60 at 6): "The no contact order should be stricken."

(10) Claim J of the July 27, 2012 amended petition (Dkt. 26 at 24); Claim 27 from Petitioner's chart (Dkt. 60 at 7): Ineffective assistance of appellate counsel for failing to challenge trial court's exclusion of police bulletins.

(11) Claim T of the July 27, 2012 amended petition (Dkt. 26 at 46); Claim 38 from Petitioner's chart (Dkt. 60 at 7): Ineffective assistance of appellate counsel for failure to argue judicial bias.

(12) Claim M of the July 27, 2012 amended petition (Dkt. 26 at 46); Claim 39 from Petitioner's chart (Dkt. 60 at 7): Petitioner was "unconstitutionally held to answer on inadmissible hearsay."

As to Claims (1)-(7), Respondent concedes that these claims were raised in several petitions for review to the California Supreme Court, case nos. S171588, S173209, S176449, S176454, S176526, S176488 (Dkt. 54, Respondent's Exs. B, C, D, E, F, H), case no. S191357 (Dkt. 61, Respondent's Ex. J); or in a petition for writ of habeas corpus in the California Supreme Court, case no. S165767 (Dkt. 54, Respondent's Ex. A).[4]  Respondent argues, however, that

---

[4] These constitute all the case numbers that Petitioner included in his chart to indicate how and when the California Supreme Court ruled on the claims that he asserts are exhausted. Although the state petitions for review in Respondent's exhibits contained in Docket 54 do not include the California Supreme Court case numbers, they do indicate the case number for the case appealed from in the California Court of Appeal.  This Court has matched the Court of Appeal case

7

1  Petitioner failed to reference any specific federal constitutional
2  guarantee, case, or principle in relation to these claims in the
3  state court. As to Claims (2)-(7), the Court agrees. The Court has
4  reviewed Petitioner's state petitions and finds that — in relation
5  to Claims (2)-(7) herein — Petitioner failed to "fairly present" any
6  "constitutional claim" to the state court as required by <u>Picard</u>, 404
7  U.S. at 275, 277. Accordingly, Claims (2)-(7) are subject to
8  dismissal.
9       Claim (1), however, was properly exhausted. In his
10 petition for review in California Supreme Court case no. S176526
11 (Dkt. 54, Respondent's Ex. F), Petitioner argued that his
12 constitutional right to a probable cause determination without
13 unnecessary delay was violated. (<u>See</u> <u>id.</u> at 5-6.)[5] Petitioner also
14 argued that his constitutional right to be brought before a
15 magistrate without unnecessary delay was violated. (<u>See</u> <u>id.</u> at 6.)
16 Petitioner cited to <u>Gerstein v. Pugh</u>, 420 U.S. 103, 114 (1975), in
17 which the United States Supreme Court held that the Fourth Amendment
18 requires a prompt judicial determination of probable cause as a
19 prerequisite to extended detention following a warrantless arrest.
20 Petitioner also cited to <u>Cnty. of Riverside v. McLaughlin</u>, 500 U.S.
21 44, 56-57 (1991), in which the United State Supreme Court held that

---

numbers to the corresponding California Supreme Court case numbers provided in Petitioner's chart. This Court has also reviewed all of Petitioner's petitions for review and state habeas petitions in the California Supreme Court, regardless of whether Petitioner noted them in his chart.

[5] Petitioner represents in his chart that this claim was exhausted in case no. S173209. The Court finds the claim was actually exhausted in case no. S176526.

a jurisdiction could combine probable cause determinations with arraignment but must do so as soon as is reasonably feasible, and in no event later than 48 hours after arrest.  Finally, Petitioner cited to <u>Corley v. United States</u>, 129 S. Ct. 1558, 1562-63 (2009), in which the United States Supreme Court held that delay in arraignment to conduct further investigation is not a legitimate purpose for delay.  Based on this record, the Court finds that Petitioner apprised the state court that his claim was based, at least in part, on a federal right and therefore "fairly presented" the claim for exhaustion purposes pursuant to the guidelines in <u>Picard</u>, 404 U.S. at 275, 277.  Accordingly, Claim (1), which is construed as a claim for denial of Petitioner's right to a prompt determination of probable cause, will be allowed to go forward, as indicated below.[6]

As to Claims (8)-(12), Respondent argues that Petitioner did not raise these claims in his state petitions.  The Court agrees.  A review of Petitioner's petitions for review to the California Supreme Court and petition for writ of habeas corpus in the California Supreme Court confirms that Petitioner did not present these claims to the state's highest court as required under 28 U.S.C. § 2254(b)-(c).  Further, Claim (8) which alleges violation

---

[6] Petitioner's related claims in Claims (2) and (3) – that the trial court erred when it granted the prosecution's motion to continue the preliminary hearing – are not cognizable here.  Petitioner raised the claims in his petition for review in California Supreme Court case no. S173209 (Dkt. 54, Respondent's Ex. C at 29-37).  Therein, Petitioner asserted only issues of state law and failed to reference any constitutional claim.  (<u>See</u> <u>id.</u>)  In any event, to the extent they assert Petitioner's right to a prompt preliminary hearing, the claims appear to be fairly encompassed within Claim (1).

9

of the Americans with Disabilities Act ("ADA") is not cognizable on federal habeas.  The ADA is not a federal constitutional provision or guarantee.  Finally, as to Claim (9), Petitioner concedes that it is "not an issue in this petition" given that Petitioner prevailed on the claim in the California Court of Appeal.  (See Dkt. 26 at 11.)  Accordingly, Claims (8)-(12) are subject to dismissal.

As to Claim (12), however, the Court notes that Petitioner did exhaust a claim of ineffective assistance of counsel ("IAC") premised on counsel's purported failure to object to hearsay at Petitioner's preliminary hearing.  See Petition for Review in S176454 (Dkt. 54, Respondent's Ex. E).  This claim will be allowed to go forward as discussed below.

The Court notes that in his opposition to the motion to dismiss, Petitioner argues that all his claims for ineffective assistance of trial counsel were in fact exhausted, even though he stated in his chart that most of these claims were unexhausted.  Petitioner argues that the claims were covered by his argument in his petition for review to the California Supreme Court that the trial court erred by denying his Marsden motion[7].  The Court disagrees.  Petitioner offers no authority, nor is the Court aware of any authority, holding that a claim of error based on a state court's denial of a request to substitute court-appointed counsel

---

[7] Under California law, when a defendant requests substitution of court-appointed counsel, the trial court has a duty to listen to his or her specific reasons for the request. People v. Marsden, 2 Cal. 3d 118, 123-25 (1970).  This, in short-hand, is known as a "Marsden motion" or a request for a "Marsden hearing."  See Schell v. Witek, 218 F.3d 1017, 1021 (9th Cir. 2000).

satisfies the exhaustion requirement for a claim of ineffective assistance of trial counsel.  Particularly here, where Petitioner seeks to raise approximately 18 claims of ineffective assistance of trial counsel, the Court does not find that Petitioner's <u>Marsden</u> claim gave the state courts fair notice of the ineffective assistance of counsel claims or an opportunity to rule on the claims.  See e.g., <u>Wood v. Ryan</u>, 693 F.3d 1104, 1120 (9th Cir. 2012) (general allegation of IAC is not sufficient to alert a state court to separate specific instances of IAC); <u>Dickens v. Ryan</u>, 740 F.3d 1302, 1318-19 (9th Cir. 2014) (finding failure to exhaust where new allegations and evidence presented to federal court on IAC claim fundamentally altered the previously exhausted IAC claim).  The only claims for ineffective assistance of counsel that Petitioner exhausted are: (1) ineffective assistance of counsel premised on counsel's purported failure to object to hearsay at Petitioner's preliminary hearing (<u>see</u> Pet. for Review in S176454 (Dkt. 54, Respondent's Ex. E)); and (2) ineffective assistance of counsel premised on counsel's failure to obtain evidence, showing that Petitioner was not the cause of the injury, used by the prosecution in support of his battery conviction (<u>see</u> Pet. for Review in S173209 (Dkt. 54, Respondent's Ex. C at 38-43)).[8]

---

[8] Neither party addresses Claim 45 in the chart, which Petitioner asserts is exhausted.  The claim is labeled on the chart as "Constitutional Right to Wit" and does not make sense.  Further, the Court is unable to discern any corresponding claim in the amended petition.  Accordingly, Claim 45 in Petitioner's chart is DISMISSED.
It also appears that Petitioner combined Claims (6) and (7) above into Claim 10 on his chart, explaining how — even with the addition of Claim 45 — there remain 54 claims in the amended petition and 54 claims in the chart (along with the addition of Claims 55, 56,

**II**

Petitioner renews his motion to stay pursuant to <u>Rhines</u>, 544 U.S. at 277-78. In its September 6, 2013 Order, the Court explained to Petitioner what showing he had to make to satisfy the requirements for a stay under <u>Rhines</u>. The Court advised Petitioner that under <u>Rhines</u>, a mixed petition may be stayed only if: "(1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1023 (9th Cir. 2008) (citations omitted). In his renewed motion, Petitioner does not make the <u>Rhines</u> showing. Specifically, Petitioner once again fails to show good cause for his failure to exhaust state court remedies.

Further, the Court notes, without deciding, that a stay would likely be futile here given that California law requires state habeas petitions be filed without "substantial delay." <u>See</u> <u>In re Robbins</u>, 18 Cal. 4th 770, 787 (1998). Under this standard, Petitioner's unexhausted claims would almost certainly be deemed untimely given that he was convicted in 2009, and the California Supreme denied his petition for review in June 2011, i.e., almost three years ago. This court must deny as procedurally defaulted a claim in a federal petition that has been rejected for untimeliness

---

and 57 in the chart, which Petitioner describes as "missing," as discussed in footnote 2 above).

12

in the California courts. <u>Walker v. Martin</u>, 131 S. Ct. 1120, 1125-31 (2011).[9]

Accordingly, Petitioner's renewed motion for a stay is DENIED. The petition will proceed on the following ten claims:

<u>1</u>) "The trial court erred when it refused to allow [Petitioner] to enter a plea of not guilty by reason of insanity." (Dkt. 26 at 11.)

<u>2</u>) "The trial court abused its discretion by denying [Petitioner's] <u>Marsden</u> motions for new counsel." (<u>Id.</u>)

<u>3</u>) "The trial court prejudicially erred when it allowed the prosecutor to introduce evidence of a prior incident involving [Petitioner] and the police." (<u>Id.</u>)

<u>4</u>) "The trial court prejudicially erred when it excluded [Petitioner's] proffered evidence regarding police training and practices." (<u>Id.</u>)

<u>5</u>) "The trial court prejudicially abused its discretion by permitting the prosecutor to introduce evidence of prior domestic violence." (<u>Id.</u>)

<u>6</u>) The trial court erred in allowing the prosecution "to amend the information to include a GBI and a 148.10 (resisting with injury)." (Dkt. 26 at 10.)

<u>7</u>) The trial court "[f]ailed to conduct a <u>Marsden</u> [hearing], coerced the petitioner into pro per status, and prejudicially denied petitioner advisory counsel." (<u>Id.</u>)

---

[9] There are ways a petitioner may overcome procedural default, which the Court need not go into here. <u>See</u> <u>generally</u>, <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

13

**8**) The trial court "violated the constitutional mandate prohibiting the investigatory procedures beyond the 48 hour period." (<u>Id.</u>)

**9**) Petitioner received ineffective assistance of trial counsel. (<u>Id.</u>)[10]

**10**) Petitioner was denied the right to a probable cause determination without unnecessary delay. (Dkt. 26 at 9.)

All other claims are DISMISSED.

### III

Based on the foregoing, it is hereby ordered that:

(1) Respondent's renewed motion to dismiss is GRANTED in part and DENIED in part.

(2) Petitioner's renewed motion for a stay is DENIED.

(3) In order to expedite the resolution of this case, Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted as to the ten claims found to be both cognizable and exhausted as discussed herein. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

---

[10] The two bases for counsel's purported ineffectiveness are discussed above.

14

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

(4) In order to further expedite the resolution of this case, Petitioner may not file any further motions without first obtaining leave of Court. Leave of Court is not required for Petitioner to file a Traverse, however. Petitioner may simply file his Traverse in accordance with the instructions above.

(5) This Order terminates docket numbers 60 and 61.

IT IS SO ORDERED.

DATED   *05/15/2014*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.11\Meyers-11-5327-MTD2.wpd